UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80380-CIV-ROSENBAUM

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 50.143.17.54,

    Defendant.
_____/

**ORDER**

This cause is before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 4]. On March 18, 2014, Plaintiff filed this action for copyright infringement against a John Doe Defendant, alleging that Defendant downloaded, copied, and distributed complete copies of Plaintiff's movie files without Plaintiff's authorization. ECF No. 1 at 4, ¶ 20. The Complaint alleges that Defendant, identified only by his Internet Protocol ("IP") address, is a persistent online infringer of Plaintiff's copyrighted materials. *Id.* at 1, ¶ 2.

Plaintiff moves the Court to serve a third-party subpoena on Comcast Cable, the John Doe Defendant's Internet Service Provider, ("ISP"), so Plaintiff may discover the true name, address, telephone number, and e-mail address of Defendant for the purpose of serving Defendant and prosecuting the claims in the Complaint. ECF No. 4-1 at 4. Plaintiff asserts that it has no other means of learning Defendant's true identity. *Id.* at 7.

Ordinarily, a party may not seek discovery from any source before the parties have conducted

a discovery-planning conference pursuant to Rule 26(f), Fed. R. Civ. P. *See* Fed. R. Civ. P. 26(d)(1). However, discovery prior to this conference is possible "when authorized by the rules, stipulation, or court order." *Id.* Plaintiff thus moves for a court order authorizing limited, pre-conference discovery.

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). A case against a single defendant cannot proceed if that defendant is unidentified. Therefore, courts routinely find good cause to serve a third-party subpoena on an Internet Service Provider so that a plaintiff may discover the identity of a John Doe defendant that allegedly infringed on the plaintiff's copyright through activity on the Internet. *See Aerosoft GmbH v. John Does 1-50*, 104 U.S.P.Q.2d 1697, at *3 (S.D. Fla. 2012); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 113 (2d Cir. 2010); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 4 (D.D.C. 2008) (noting that "expedited discovery was appropriate and necessary because 'Defendants must be identified before this suit can progress further.'"); *LaFace Records, LLC v. Does 1-5*, No. 07-187, 2007 WL 2867351, at *1-2 (W.D. Mich. Sept. 27, 2007) (collecting cases).

Some courts, however, grant expedited discovery while bemoaning their "growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded." *Malibu Media, LLC v. Does 1-5*, No. 12-2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012); *see also Malibu Media, LLC v. John Does 1 through 12*, No. 12-1261, 2012 WL 2872835, at *3 n.2 (E.D. Cal. July 11, 2012). These courts explain that "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly

2

downloaded a single sexually explicit film is tenuous" because many electronic devices—and many users—can be associated with a single IP address. *Malibu Media, LLC v. Does 1-11 (In re BitTorrent Adult Film Copyright Infringement Cases)*, No. 11-3995, 2012 WL 1570765, at *3-5 (E.D.N.Y. July 24, 2012), *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012). Thus, the "risk of false positives gives rise to 'the potential for coercing unjust settlements from innocent defendants' such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading [adult material]." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (quoting *SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30, 2011)).

Because these plaintiffs define "Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of [as] the actual Internet users who allegedly engaged in infringing activity, [the] sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed." *Malibu Media, LLC v. Doe*, No. 13-857-35, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013) (quoting *SBO Pictures*, 2011 WL 6002620, at *3). Courts thus take measures when granting expedited discovery to protect possibly innocent defendants, such as allowing expedited discovery of the identity of only one John Doe defendant in a multiple-defendant case or issuing protective orders so that any information about the John Doe defendants released to the plaintiff is kept confidential. *Malibu Media*, 2012 WL 2872835, at *3-4 (limiting expedited discovery to one defendant); *Digital Sin*, 279 F.R.D. at 242-43 (granting protective order keeping identity confidential).

Because the instant matter is brought against only one defendant, measures taken in multiple-defendant cases do not apply. But the Court finds good cause to institute procedural safeguards to protect the identity of the John Doe Defendant in the event that he or she is not the person who committed the infringing acts that are associated with the IP address.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 4] is **GRANTED;**

2. Plaintiff may serve Comcast Cable with a Rule 45 subpoena commanding Comcast Cable to provide Plaintiff with a true name, address, telephone number, and e-mail address of the Defendant to whom Comcast Cable assigned an IP address as set forth in Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant;

4. If the Internet service provider qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states,

> the term "cable operator" means any person or group of persons
>> (A) who provides cable service over a cable system and directly or through on or more affiliates owns a significant interest in such cable system, or
>> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

4

it shall comply with 47 U.S.C. § 551(c)(2)(B).  That statutes provides,

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

47 U.S.C. § 551(c)(2)(B).  Compliance requires Plaintiff to send a copy of this Order to such a Defendant;

5.  The subpoenaed service provider shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed service provider require Plaintiff to pay a fee for an IP address not controlled by the service provider.  If necessary, the Court shall resolve any disputes between the service provider and Plaintiff regarding the reasonableness of the amount proposed to be charged by the service provider after the subpoenaed information is provided to Plaintiff;

6.  Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the service provider for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint;

7.  To address potential issues relating to the identity of the John Doe Defendant, the parties shall adhere to the following procedures:

> a. If Plaintiff contacts John Doe or John Doe contacts Plaintiff, Plaintiff shall immediately inform John Doe that he or she has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by John Doe can and likely will be used against him or her in this proceeding;

b. If John Doe does not wish to be contacted by Plaintiff, he or she may at any time inform Plaintiff by phone or send Plaintiff's counsel a letter or e-mail addressed to klipscomb@lebfirm.com that states, "Please do not contact me (again) prior to serving me in this matter;"

c. Plaintiff must notify John Doe, or his or her counsel if represented, of Plaintiff's intent to name and serve John Doe at least 14 calendar days prior to seeking issuance of a summons from the Clerk;

d. Plaintiff shall inform John Doe of the potential for sanctions under Rule 11, Fed. R. Civ. P., if John Doe is incorrectly identified;

e. Plaintiff shall provide a copy of this Order to John Doe;

f. Plaintiff must notify John Doe that he or she may submit a written or electronic objection to Plaintiff's counsel. If John Doe asserts that he or she did not personally commit the infringing act, John Doe must identify the individual responsible for the infringement, or, if the identity of the infringing individual is unknown, provide exculpatory evidence regarding his or her innocence. Plaintiff's counsel shall file, or attempt to file, that objection under seal with this Court, along with any response the Plaintiff has to the objection. *See* Local Rule 5.4. Thereafter, the Court will consider John Doe's objection and the response and determine if the case shall proceed against John Doe. Until the Court makes such a determination, Plaintiff may not identify John Doe by name in this lawsuit. If, however, John Doe does not object

6

in writing or electronically, Plaintiff may proceed by naming John Doe in this case.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 2nd day of April 2014.

	ROBIN S. ROSENBAUM
	UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record